Diallo v. Holder

BIA
Ferris, IJ
A095 148 481

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand thirteen.

PRESENT:
JOHN M. WALKER, JR.,
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
    *Circuit Judges.*

_____

MOUCTAR DABY DIALLO, AKA FERDINAND W AUGUSTE,
    *Petitioner,*

v.                                    11-3580
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:      Nita Dobroshi, The Law Offices of Spar & Bernstein, P.C., New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan,

**Senior Litigation Counsel; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mouctar Daby Diallo, a native and citizen of Guinea, seeks review of an August 11, 2011, decision of the BIA affirming the November 30, 2009, decision of Immigration Judge ("IJ") Noel Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mouctar Daby Diallo a.k.a. Ferdinand W. Auguste*, No. A095 148 481 (B.I.A. Aug. 11, 2011), *aff'g* No. A095 148 481 (Immig. Ct. N.Y. City Nov. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.

2005). For asylum applications submitted prior to the passage of the REAL ID Act, such as Diallo's application, any adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by the REAL ID Act as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). The agency's adverse credibility determination is supported by substantial evidence.

In finding Diallo not credible, the IJ relied in part on Diallo's demeanor, reasonably finding his testimony non-responsive and often incoherent. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ's demeanor finding was further supported by specific examples of contradictory testimony and inconsistent record evidence. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Indeed, the IJ reasonably found

3

discrepancies between Diallo's testimony regarding whether he was arrested before or after an election in Guinea, and inconsistencies between his original and amended asylum applications and his testimony regarding where his wife lived after fleeing their country. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 94 F.3d 296, 305 (2d Cir. 2007). Diallo failed to provide a compelling explanation for these inconsistencies. *See Majidi*, 430 F.3d at 80-81.

In finding Diallo not credible, the agency also reasonably relied on his submission of a Guinean National Identity Card, which, even if authentic, was determined to have been altered as to the information included on the card, including the name of the bearer. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the doctrine of *falsus in uno*, *falsus in omnibus*); *see also Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006) (concluding that the submission of a fraudulent document in support of an asylum application alone may constitute substantial evidence to support an adverse credibility finding). Having questioned Diallo's credibility, Diallo's failure to provide certain

4

corroborating evidence was reasonably considered by the agency to negatively reflect on his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Ultimately, the agency's adverse credibility determination was supported by substantial evidence and provided an adequate basis of denying Diallo's application for asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk